IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

DAVID BUSH, an individual,

           Plaintiff,

v.                                        CIVIL ACTION NO. 3:08-1422

EMPLOYER-TEAMSTERS LOCAL
NOS. 175/505 PENSION TRUST FUND,
an Employee Welfare Benefit Plan;
and DOES 1 through 10, inclusive,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff David Bush's second Motion for Summary Judgment. [Doc. No. 32]. For the following reasons, the Court **DENIES** Plaintiff's motion.

**I.
FACTUAL AND
PROCEDURAL HISTORY**

This case involves a claim for benefits by Plaintiff David Bush under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* On March 30, 2010, this Court entered a Memorandum Opinion and Order addressing many of the issues raised by the parties. Specifically, the Court found that Defendant American Benefit Corporation was entitled to summary judgment in its favor as it acted as a third-party administrator and there was no evidence it had a fiduciary role in denying Plaintiff's claim for benefits. *Bush v. American Benefit Corp.*, Civ. Act. No. 3:08-1422, 2010 WL 1404324, at *4 (S.D. W. Va. Mar. 30, 2010) (*Bush I*). In addition, the Court found that Defendant Employer-Teamsters Local Nos. 175/505 Pension Trust Fund (hereinafter the Fund), did not abuse its discretion in determining that Plaintiff experienced breaks-

in-service under § 15.05(b) of the Plan because he failed to establish he was a Participant in the Plan in 1986, 1987, and 1988.[1] *Id.* at *7.

Under § 15.05(b), a "'Break-in-Service' shall mean the number of one (1) year breaks-in-service equals or exceeds the greater of (a) five consecutive one (1) year breaks-in-service and (b) the aggregate number of years of service earned before the consecutive breaks-in-service." *Employer-Teamsters Local Union Nos. 175 and 505 Pension Trust Fund, Pension Plan*, at § 15.05(b), in part (restated effective May 1, 1998). Section 15.05(b) also states that, if a "Break-in-Service" occurs, "all Credited Service and Years of Participation arising from employment prior to such Break-in-Service Date shall be completely forfeited if such Break-in-Service occurs prior to the time a Participant has completed ten (10) years of Participation." *Id.*, in part.[2] Given that Plaintiff had not vested prior to his breaks-in-service, the Plan determined that Plaintiff had forfeited all credited service he would have received for participating in the Plan from July 1975 through October of 1983. *Bush I,* 2010 WL 1404324, at *3.[3]

Plaintiff argues, however, that ERISA requires pension plans to count every year of service for vested employees even if there is a break-in-service. Thus, he should receive credit for his service from July 1975 through October of 1983. In support of his position, Plaintiff cited

---

[1] It is undisputed that Plaintiff did not participate in the Plan in the years 1984 and 1985.

[2] Section 15.05(b) further provides that "if the Participant has completed ten (10) years of Participation, all such Credited Service and Years of Participation shall be non-forfeitable." *Id.*

[3] The parties agreed that Plaintiff later vested as a result of his employment from 1989 through 2003, as he was credited with 12 "Years of Participation," which entitled him to a "Normal Retirement Benefit." *Id.* at *1.

*DiGiacomo v. Teamsters Pension Trust Fund of Philadelphia and Vicinity*, 420 F.3d 220 (3d Cir. 2005), and *McDonald v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 320 F.3d 151 (2d Cir. 2003). In these cases, the circuit courts found ERISA requires pre- and post-break-in service time to be aggregated regardless of the plan language. To the contrary, the Fund cited *Jones v. UOP*, 16 F.3d 141 (7th Cir. 1994), in which the Seventh Circuit permitted the forfeiture of time served prior to the break-in-service. As recognized in this Court in *Bush I*, however, these cases all discuss pre-ERISA breaks-in-service pursuant to § 203(b)(1)(F).[4] In the case at hand, there was no pre-ERISA break-in-service, and the Court found the parties failed to adequately address what happens under ERISA when a break-in-service occurs after ERISA became effective. Therefore, the Court denied Plaintiff's then pending motion for summary judgment and allowed Plaintiff to file a motion for summary judgment on this particular issue.

---

[4]Section 203(b)(1)(F) of ERISA provides, in relevant part:

> In computing the period of service under the plan for purposes of determining the nonforfeitable percentage under subsection (a)(2) of this section, all of an employee's years of service with the employer or employers maintaining the plan shall be taken into account, except that the following may be disregarded:
>
> \* \* \*
>
> (F) years of service before this part first applies to the plan if such service would have been disregarded under the rules of the plan with regard to breaks in service, as in effect on the applicable date[.]

29 U.S.C. § 1053(b)(1)(F), in part.

## II.
## DISCUSSION

At its essence, the remaining issue before this Court is whether Plaintiff forfeited his period of service from July 1975 through October 1983 because he had not yet vested when he experienced breaks-in-service from October 1983 through 1989. In order to decide this issue, the Court begins by examining the language found in § 204(b)(4)(A). This section provides:

> For purposes of determining an employee's accrued benefit, the term "year of participation" means a period of service (beginning at the earliest date on which the employee is a participant in the plan and which is included in a period of service required to be taken into account under section 1052(b) of this title, determined without regard to section 1052(b)(5) of this title) as determined under regulations prescribed by the Secretary which provide for the calculation of such period on any reasonable and consistent basis.

29 U.S.C. § 1054(b)(4)(A). Under this section, an employee's "year of participation" begins when the employee becomes a participant in a plan and the employee's period of service is required to be counted under § 1052(b), as determined under reasonable regulations for calculating such period as prescribed by the Secretary. The conflict arises in this case as to whether Plaintiff's service from 1975 through 1983 is required to be taken into account under § 202(b), 29 U.S.C. § 1052(b).

Section 202(b) states that, "[e]xcept as otherwise provided in paragraphs (2), (3), and (4), all years of service with the employer or employers maintaining the plan shall be taken into account in computing the period of service for purposes of subsection (a)(1) of this section." 29 U.S.C. § 1052(b)(1). The Court agrees with Plaintiff that paragraphs (2) and (3) of this section do

not operate to exclude his early years of service as they simply do not apply to the facts of this case.[5]

However, the Court disagrees with Plaintiff that paragraph (4) does not apply.

> In relevant part, paragraph 4(A) provides:
>
>> For purposes of paragraph (1), in the case of a nonvested participant, years of service with the employer or employers maintaining the plan before any period of consecutive 1-year breaks in service shall not be required to be taken into account in computing the period of service if the number of

---

[5]Section 202(b)(2) provides:

> In the case of any employee who has any 1-year break in service (as defined in section 1053(b)(3)(A) of this title) under a plan to which the service requirements of clause (i) of subsection (a)(1)(B) of this section apply, if such employee has not satisfied such requirements, service before such break shall not be required to be taken into account.

29 U.S.C. § 1052(b)(2). Clause (i) of subsection (a)(1)(B) applies "[i]n the case of any plan which provides that after not more than 2 years of service each participant has a right to 100 percent of his accrued benefit under the plan which is nonforfeitable at the time such benefit accrues, clause (ii) of subparagraph (A) shall be applied by substituting '2 years of service' for '1 year of service'." 29 U.S.C. § 1052(a)(1)(B)(i). As the Plan here requires 10 Years of Participation in order to vest, this section is simply inapplicable. Likewise, § 202(b)(3) is inapplicable. Section 202(b)(3) provides:

> In computing an employee's period of service for purposes of subsection (a)(1) of this section in the case of any participant who has any 1-year break in service (as defined in section 1053(b)(3)(A) of this title), service before such break shall not be required to be taken into account under the plan until he has completed a year of service (as defined in subsection (a)(3) of this section) after his return.

29 U.S.C. § 1052(b)(3). It is undisputed in this case that Plaintiff received 12 Years of Participation towards his pension for working from 1989 through 2003.

>consecutive 1-year breaks in service within such period equals or exceeds the greater of– (i) 5 . . . .

29 U.S.C. § 1052(b)(4)(A), in part. A "nonvested participant" is defined under paragraph 4(C) as "a participant who does not have any nonforfeitable right under the plan to an accrued benefit derived from employer contributions." 29 U.S.C. § 1052(b)(4)(C). Plaintiff contends that because he is now a vested employee, paragraph 4(C) does not apply to him and, thus, all his years of service must be counted.

Although neither the parties nor this Court could find any cases addressing this precise issue, the Court finds that the nonvested participant language should be applied at the time the breaks-in-service occur. In reaching this decision, the Court recognizes there is an important distinction between benefit accrual and vesting. Benefit accrual means "the rate at which an employee earns benefits to put in his pension account," and the requirements for accrual are found in § 204. *Central Laborers' Pension Fund v. Heinz*, 541 U.S. 739, 749 (2004). On the other hand, vesting is "the process by which an employee's already-accrued pension account becomes irrevocably his property" and the minimum vesting requirements are set forth in § 203. *Id*. (citations omitted). In this case, when Plaintiff stopped participating in the Plan in 1983, he had between 49 and 51 months of Credited Service,[6] with the accompanying accrued benefits. However, those benefits were not irrevocably his property because they were not vested. Thus, after Plaintiff experienced 5 consecutive 1-year breaks-in-service, the Plan was no longer required under § 204(b)(4) to count his prior service as he was a non-vested participant at the time the breaks

---

[6]As explained in *Bush I*, the parties disagree on the precise calculation of Credited Service. *See Bush I*, 2010 WL 1404324, at *1, n. 3.

occurred. Indeed, as previously mentioned, the Plan adopted in Section 15.05(b) a policy to foreit such time if the breaks occur prior to the time the employee completes 10 Years of Participation.[7] As Plaintiff did not meet the 10 years of participation requirement, the credited service and the accrued benefit Plaintiff earned during those years was forfeited when he experienced his five consecutive 1-year breaks-in-service. Once forfeited, Plaintiff started anew when he returned to work in 1989. Although Plaintiff is now vested, there is nothing which allows him to go back and reclaim the credited service he already forfeited.

This decision is consistent with the Department of Labor's interpretation of the rule of parity for purposes of §202(b)(4) and § 203(b)(3)(D).[8] In 29 C.F.R. § 2530.210(g), it states:

> in the case of an employee who is a nonvested participant in employer-derived accrued benefits *at the time he incurs a 1-year break in service*, years of service completed by such employee before such break are not required to be taken into account if at such time he incurs consecutive 1-year breaks in service which equal or exceed the aggregate number of years of service before such breaks.

---

[7]Section 15.05(b) includes a provision that, "[i]n the case of a Participant who has five (5) or more consecutive one (1) year Breaks-in-Service, the Participant's pre-break service will count in vesting of the employee provided accrued benefit only if" one of two conditions are met. *Id.* First, if the "Participant has a non-forfeitable interest in the accrued benefit attributable to employer contributions at the time of separation from service, or . . . [second,] upon returning to service the number of consecutive one (1) year Breaks-in-Service is less than the number of years of service." *Id*. Plaintiff makes no argument that he fits within either of these exceptions.

[8]In *Shawley v. Bethlehem Steel Corp.*, 989 F.2d 652 (3d Cir. 1993), the Third Circuit explained that "[t]he rule of parity provides that an employee will not necessarily sacrifice credited service if rehired after a break in service. Credited service will count toward pension benefits if, on the date of rehire, the employee's years of credited service are longer than the period of layoff, 29 U.S.C. § 1053(b)(3)(D)(i)(II), and the employee works for a full year after rehiring. 29 U.S.C. § 1053(b)(3)(B)." 989 F.2d at 656.

29 C.F.R. § 2530.210(g), in part (italics added). Thus, it appears from this language in this section that the Department of Labor considers the participant's status as a nonvested employee at the time of the break in service. If the participant is not vested "at the time," this regulation allows a forfeiture of the employee's years of service prior to the break, provided it otherwise meets the annunciated requirements.

Similarly, under the example provided in 29 C.F.R. § 2530.204-1 (regarding year of participation for benefit accrual), the Department of Labor states that if an employee is not vested at the time he has a break in service and his "consecutive one-year breaks in service equal the employee's four years of service for vesting before such breaks[,]" then his four years of service are not counted for purposes of vesting. 29 C.F.R. § 2530.204-1(b)(2). In addition, the example provides that "for purposes of benefit accrual, the plan may disregard the year of participation completed by the employee before his four consecutive one-year breaks in service for vesting[.]" *Id.*[9] Thus, if the employee becomes reemployed after the breaks and he completes a year of service, he is credited with just one year of participation. *Id*.

Given these examples and the statutory and Plan language at issue here, the Court finds that Plaintiff forfeited his Credited Service when his breaks-in-service equaled 5 consecutive 1-year breaks-in-service. At that time, Plaintiff had no vested interest in the accrued benefits and his service and accrued benefits were immediately forfeited. The Court finds nothing that allows

---

[9]Under a complicated fact scenario, the employee in the example had only one year of participation, but four years of service for purposes of vesting prior to the breaks-in-service. *Id*.

him to go back and recapture the lost accrued benefits because he later became a vested employee. Thus, the Court **DENIES** Plaintiff's claim that he should receive credit for those years of service because he is currently a vested employee.

### III.
### CONCLUSION

Accordingly, the Court **DENIES** Plaintiff's Motion for Summary Judgment. As there are no other issues pending before the Court, the Court further **DISMISSES** this case from the Court's docket.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: March 30, 2011

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE